Tracy L. Zubrod
ZUBROD LAW OFFICE, PC
219 East 18th Street
Cheyenne, WY 82001
Telephone: (307) 778-2557
Facsimile: (307) 778-8225
Email: zubrod@aol.com

Thomas W. Stoever, Jr.
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, Colorado 80202-1370
Telephone: (303) 863-1000
Facsimile: (303) 832-0428
Email: thomas.stoever@aporter.com

Qusair Mohamedbhai
Arash Jahanian
RATHOD MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
Telephone: (303) 578-4400
Facsimile: (303) 578-4401
Email: qm@rmlawyers.com

Shannon P. Minter
Christopher F. Stoll
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 365-1335
Facsimile: (415) 392-8442
Email: sminter@nclrights.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| Anne Marie Guzzo and Bonnie Robinson; | ) | |
| Ivan Williams and Charles Killion; | ) | |
| Brie Barth and Shelly Montgomery; | ) | |
| Carl Oleson and Rob Johnston; and | ) | |
| Wyoming Equality, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-00200-SWS |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Matthew H. Mead, in his official capacity | ) | |
| as the Governor of Wyoming; Dean Fausset, in his official | ) | |
| capacity as Director of the Wyoming Department of | ) | |
| Administration and Information; Dave Urquidez, in his | ) | |
| official capacity as Administrator of the State of Wyoming | ) | |
| Human Resources Division; and Debra K. Lathrop, in her | ) | |
| official capacity as Laramie County Clerk, | ) | |

---

**MEMORANUDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

## INTRODUCTION

On January 29, 2015, the Court awarded Plaintiffs the permanent declaratory and injunctive relief they had sought when they first availed themselves of the federal courts three and a half months prior.  The Court declared that to deny Plaintiffs the right to marry and remain married violated the U.S. Constitution's Due Process and Equal Protection Clauses, and it enjoined Defendants from carrying out and enforcing the laws and practices that violated these rights.  As prevailing parties in this civil rights action, Plaintiffs are entitled to reasonable fees and costs under 42 U.S.C. § 1988.  Plaintiffs quickly achieved a high level of success in this case

involving significant constitutional issues.  Plaintiffs' counsel worked efficiently and without duplication, have not submitted hours for their underlying work done on the related state case, and have reduced their rates to reflect this legal market.  Accordingly, the fees and costs that Plaintiffs ask the State Defendants to pay are reasonable.

## ARGUMENT

In an action brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b). "In any fee request under 1988(b), a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is 'reasonable.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1980 (10th Cir. 1998).  The prevailing party in a § 1983 lawsuit is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  *Id.* at 435. Plaintiffs are prevailing parties who are making a reasonable request.[1]

## I.      Plaintiffs Are the Prevailing Parties in This Case

First, Plaintiffs are the prevailing parties in this case.  "Under [the Supreme Court's] generous formulation of the term, plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotations omitted).  The Supreme Court has "repeatedly held that an injunction or declaratory

---

[1] Plaintiffs' counsel will file a supplemental application for additional fees incurred in connection with any other work necessary to secure reasonable attorneys' fees and costs in this matter.  *See, e.g.*, *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) ([T]his court generally allows recovery of fees for attorneys' work in seeking attorneys' fees . . . . [W]ork in resolving the fee issue furthers the purpose behind the fee authorization in § 1988 which is to encourage attorneys . . . in vindicating federal civil rights policies.") (citations omitted).

judgment, like a damages award, will usually satisfy that test." *Id.* (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam)).  Plaintiffs are the prevailing parties in this action because they obtained an enforceable judgment against Defendants for injunctive and declaratory relief.  On January 29, 2014, the Court issued judgment with declaratory and injunctive relief in favor of Plaintiffs and against Defendants on all of Plaintiffs' claims.  Doc. 65 at 2.

## II.     Plaintiffs Are Entitled to Full Award of their Requested Fees

Second, the fees that Plaintiffs have submitted in this case are reasonable.  "A court will generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome." *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (citing *Hensley*, 461 U.S. at 433–34).  Plaintiffs are requesting the lodestar, without any upward adjustment.

### A.     Summary of Plaintiffs' Counsel's Hours and Rates

Plaintiffs are requesting that the State Defendants pay a total attorney fee of $92,728.12.  The breakdown by law firm is as follows:  Arnold & Porter LLP $41,139.62, National Center for Lesbian Rights $20,562.50, Rathod Mohamedbhai LLC $22,600.00, and Zubrod Law Office, PC $8,426.00.  These amounts are supported by the attached declarations of counsel, curricula vitae, and time sheets including specific descriptions and time spent on tasks performed.  **Ex. 1**, *Declaration of Thomas Stoever with Attached Bios and Billing Statements*; **Ex. 2**, *Declaration of Shannon Minter with Attached Resumes and Billing Statements*; **Ex. 3**, *Declaration of Qusair Mohamedbhai with Attached Bios and Billing Statements*; **Ex. 4**, *Declaration of Tracy Zubrod with Attached Billing Statement*; **Ex. 5**, *Declaration of Bruce Moats with Attached Wyoming Bar Survey*.  The summary of the fees requested is as follows:

| Employee | Firm | Rate | Hours | Total Fee |
|---|---|---|---|---|
| Thomas Stoever | Arnold & Porter LLP | $325 | 35 | $11,375 |
| Shannon Minter | National Center for Lesbian Rights | $325 | 19.8 | $6,435.00 |
| Christopher Stoll | National Center for Lesbian Rights | $300 | 42.6 | $12,780.00 |
| Qusair Mohamedbhai | Rathod Mohamedbhai LLC | $300 | 21.9 | $6,570.00 |
| Amy Whelan | National Center for Lesbian Rights | $275 | 4.9 | $1,347.50 |
| James Lyman | Arnold & Porter LLP | $262.40 | 101.6 | $26,659.84 |
| Tracy Zubrod | Zubrod Law Office, PC | $220 | 38.3 | $8,426.00 |
| Arash Jahanian | Rathod Mohamedbhai LLC | $200 | 70.7 | $14,140.00 |
| Aaron Belzer | Rathod Mohamedbhai LLC | $140 | 13.5 | $1,890.00 |
| Rebecca Golz (paralegal) | Arnold & Porter LLP | $133.25 | 23.3 | $3,104.73 |
| **TOTAL** | | | 371.6 | $92,728.12 |

## B. Plaintiffs' Hours Are Reasonable

"The first step in calculating fee awards is to determine the number of hours reasonably spent by counsel for the party seeking the fees." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). Evaluation of the reasonableness of a prevailing party's attorneys hours involves a number of factors, several of which are analyzed in detail below. *See Robinson*, 106 F.3d at 1281; *Ramos*, 713 F.2d at 554.

### 1. Plaintiffs' Counsel Are Entitled to a Fully Compensatory Fee

"'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). The Supreme Court has guided: "[T]he district court should focus on the significance of the overall relief obtained by the Plaintiffs in relation to the hours reasonably expended on the litigation." *Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley*, 461 U.S. at 435 (alterations in original)). Here, the Court has awarded Plaintiffs all the relief they have sought in their complaint, namely, declarations that Defendants' failure to grant and recognize their marriages violated the Equal Protection and Due Process Clauses of the U.S. Constitution, and injunctive relief prohibiting Defendants from continuing and enforcing these discriminatory practices. *See* Compl. (Doc. 1) at 21; J. (Doc. 65) at 2-3. Along the way,

Plaintiffs prevailed in their motion for preliminary injunction and motion for judgment on the pleadings. *See* Doc. 44, 65. Accordingly, the reasonableness of the hours expended by Plaintiffs' counsel is reflected in the high level of success they have achieved.

2. <u>The Importance of This Case Necessitated the Hours and Fees Incurred</u>

Another factor supporting the reasonableness of Plaintiffs' hours is the overall public interest served by Plaintiffs' victory in this litigation. *See*, *e.g.*, **Ex. 1**, *Stover Decl.* ¶ 15; **Ex. 4**, *Zubrod Decl.* ¶ 14. The significance of the relief obtained is evident "[p]articularly in civil rights cases such as this . . . .'" *Joseph A. by Wolfe v. New Mexico Dep't of Human Servs.*, 28 F.3d 1056, 1060 (10th Cir. 1994). After all, "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Rivera*, 477 U.S. at 574. "Potential liability for full fee awards can deter violations of the civil rights laws, especially in situations where the fee award represents a significant portion of a defendant's financial exposure." *Ramos*, 713 F.2d at 552. This case affects the fundamental constitutional rights of many Wyoming citizens. As reflected in the judgment of this Court, "those who wish to marry a person of the same sex have a fundamental right to do so, and that fundamental right is protected by the Due Process and Equal Protection Clauses of the United States Constitution." Doc. 65 at 2.

3. <u>Plaintiffs Expedited These Proceedings as Much as Possible, Achieving Complete Success in a Very Short Timeframe</u>

"[W]hen examining an attorney's fee claim, the district court should examine the hours spent on each task to determine the reasonableness of the hours reported." *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (internal citation omitted). Plaintiffs' counsel's work on this case was extremely efficient and streamlined. Plaintiffs achieved complete success in a case of significant constitutional magnitude in only three and a half

months.  During the evidentiary hearing on Plaintiffs' motion for preliminary injunction, which lasted approximately one hour, Plaintiffs made their presentation in the most expeditious manner possible.  *See* Doc. 43.  The only live testimony presented was that of Defendant Lathrop, and Plaintiffs presented their testimony through affidavits already submitted to the Court rather than testifying live.  Once the Court granted a preliminary injunction in favor of Plaintiffs, the only issue that required the Court's determination was the form of the judgment.

### 4.   Plaintiffs' Counsel Diligently Minimized Attorney Time

"Another factor the court should examine in determining the reasonableness of hours expended is the potential for duplication of services."  *Ramos*, 713 F.2d at 554.  As shown in the attached affidavits and curricula vitae, each of the Plaintiffs' attorneys has unique skills, which created an efficient and complementary legal team.  Each attorney played a specific role.  Arnold & Porter took the lead, with the bulk of hours worked by associate James Lyman, and in large part tasked out the other attorneys.  *See* **Ex. 2**, *Minter Decl.* ¶¶ 14-5; **Ex. 3**, *Mohamedbhai Decl.* ¶15; **Ex. 4**, *Zubrod Decl.* ¶11.  For the most part, the National Center for Lesbian Rights provided expertise in marriage equality cases, Ms. Zubrod served as local counsel, and Rathod Mohamedbhai added expertise in civil rights litigation, including in Wyoming.  Moreover, because NCLR litigated *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014), and other marriage cases around the country, Plaintiffs' attorneys were able to efficiently use legal research and briefing from those cases where relevant and applicable, thereby reducing the overall hours dedicated to the case.  **Ex. 2**, *Minter Decl.* ¶ 13.

### 5.   Plaintiffs' Counsel Have Exercised Billing Judgment to Exclude Unnecessary Hours Related to the Parallel State Court Proceeding

In evaluating a fee request, "[t]he district court must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation."

*Ramos*, 713 F.2d at 553.  In exercising billing judgment, "[t]he prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Hensley*, 461 U.S. at 434).  Most significantly, though much of the work underlying this case was done in connection with the related state court case, *Courage v. Wyoming, et al.*, Plaintiffs' counsel have not submitted any of those fees.  *See* **Ex. 1**, *Stoever Decl.* ¶ 16; **Ex. 3**, *Mohamedbhai Decl.* ¶ 18.  The Supreme Court has held that fees may be granted for "'some of the services performed before a lawsuit is formally commenced by the filing of the complaint' . . . . if they are 'both useful and of a type ordinarily necessary to advance the litigation' in question." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773, 783 (2014) (quoting *Webb v. Dyer County Board of Education*, 471 U.S. 234, 243 (1985)).  "Other federal courts have applied the majority opinion in *Webb* . . . to allow for partial fee awards for work done in proceedings ancillary to a § 1983 action." *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 46 n. 29 (1st Cir. 1999) (listing cases).  *Courage* involved essentially identical parties and similar legal theories.  Plaintiffs briefed the merits of their position in a motion for summary judgment, and the parties engaged in discovery.  The affidavits that this Court considered in granting Plaintiffs' motion for preliminary injunction had been gathered in connection with the motion for summary judgment in the *Courage* litigation.  Accordingly, there is a significant amount of work that advanced this litigation that Plaintiffs have not submitted as recoverable fees.

  6. <u>The State Defendants' Unreasonable Opposition to Plaintiffs' Position Necessitated the Hours Plaintiffs' Counsel Spent on This Case</u>

  "The Supreme Court has . . . recognized that part of an attorney's calculus of the amount of time reasonably necessary for a case is the vigor which the opponents bring to the dispute."

*Robinson*, 160 F.3d at 1284.  A "client cannot escape the consequences of tactics that undeniably drive up the costs of litigation, even if such tactics amount to no more than aggressive advocacy."  *Latham v. First Marine Ins. Co.*, 16 F. App'x 834, 839 (10th Cir. 2001); *see also Robinson*, 160 F.3d at 1284 ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiffs in response." (internal citations and quotations omitted)).

Standing on its own, the State Defendants' refusal to concede the blatant unconstitutionality of their laws and practices in the face of binding law is enough to warrant a significant fee award.  *See, e.g.*, *Ramos*, 713 F.2d at 556 ("[H]ad the state defendants not decided to stonewall on all issues, . . . this case would have a different posture.").  Rather, they defended an untenable position with no fewer than four attorneys.  *See* **Ex. 1**, *Stoever Decl.* ¶ 14; **Ex. 3**, *Mohamedbhai Decl.* ¶ 17.  In opposing Plaintiffs' motion for preliminary injunction, the State Defendants conceded that Plaintiffs "may ultimately succeed on the merits before this Court in the present case," but took the position of disagreeing with the binding Tenth Circuit decisions in *Kitchen* and *Bishop*.  Doc. 26 at 6.  They conceded that Plaintiffs suffered irreparable constitutional harm as a matter of law, yet contended that they had a right to continue defending and enforcing unconstitutional laws and practices.  They advanced the delay tactic of asking the Court "a reasonable opportunity to evaluate and respond to Plaintiffs' newly raised allegations." *Id.* at 7.  The Court rejected these unjustified yet persistent defenses, and, as the State Defendants predicted, Plaintiffs prevailed on all issues.  Furthermore, rather than stipulating to a judgment that was supported by the law and facts of this case, Defendants' filed their own motion for judgment on the pleadings, based on positions that were once again rejected by the Court.  Thus, in contrast to Defendant Lathrop, who cooperated with Plaintiffs and assisted the minimization

of fees incurred, the State Defendants unnecessarily prolonged this case and should have to pay Plaintiffs' fees and costs as a result.

### C.  Plaintiffs' Counsel's Rates Are Reasonable

Plaintiffs have submitted rates for their attorneys that are reasonable and reflective of the legal market in which this Court sits.  "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555; *see also Jane L.*, 61 F.3d at 1510 ("Hourly rates must reflect the 'prevailing market rates in the relevant community.'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  In addition, "[t]he hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation." *Ramos*, 713 F.2d at 555.  The rates for Plaintiffs' counsel are supported by the declaration of Bruce Moats, an 18-year Wyoming civil rights and constitutional lawyer, who relies on his extensive experience as well as survey results of the Wyoming State Bar.  **Ex. 5**.

Although Plaintiffs' counsel could request San Francisco and Denver billing rates for this case based on their expertise and experience, *see, e.g.*, *Reazin v. Blue Cross and Blue Shield of Kan., Inc.*, 899 F.2d 951, 983 (10th Cir. 1990) (affirming district court's award of higher rates for out-of-state counsel based on their expertise and experience); *Rocky Mtn. Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-CV-00554, 2010 WL 3703224, at *5 (D. Colo. Sept. 13, 2010) (awarding higher hourly rates for attorney "with specialized knowledge and skills in the areas of constitutional law."), they seek rates consistent with those in the Wyoming legal market as an exercise of billing judgment.  Plaintiffs' counsel have appropriately reduced their out-of-market rates: Mr. Stoever from $795 to $325, Mr. Lyman from $640 to 262.40, and Ms. Golz from $325 to $133.25, **Ex. 1**, *Stoever Decl.* ¶ 18; Mr. Minter from $675 to $325, Mr.

Stoll from $650 to $300, and Mrs. Whelan from $500 to $275, **Ex. 2**, *Minter Decl.* ¶ 18; Mr.
Mohamedbhai from $450 to $300, Mr. Jahanian from $325 to $200, and Mr. Belzer from $175 to
$140. **Ex. 3**, *Mohamedbhai Decl.* ¶¶ 7-9.  Ms. Zubrod, who practices in Cheyenne, has
submitted her regular rate of $220. **Ex. 4**, *Zubrod Decl.* ¶ 10.  Accordingly, Plaintiff's counsel's
rates are exceeding reasonable.

**III.    Plaintiffs Are Entitled to Recovery of Their Costs**

Plaintiffs are also entitled to an award of expenses that would normally be billed to fee-
paying clients, pursuant to 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d).  As
detailed in the declarations of counsel, Plaintiffs incurred and are entitled to total costs of
$5,125.97 in this litigation.  All of those costs were necessary to the litigation, including the
travel expenses associated with the preliminary injunction hearing.  *See Bee v. Greaves*, 910 F.2d
686, 690 (10th Cir. 1990) (attorneys' reasonable travel expenses should be awarded if normally
billed to private clients); *Ginest v. Bd. of Cnty. Comm'rs of Carbon Cnty., Wyo.*, 423 F.Supp.2d
1237, 1240-42 (D. Wyo. 2006) (awarding out-of-state counsel reasonable hours and expenses
associated with travel to Wyoming).  A Bill of Costs is being filed concurrently for statutory
costs, which comprise $1,651.45 out of the $5,125.97 in total recoverable costs.

**IV.    Plaintiffs Are Entitled to Interest on the Judgment**

Plaintiffs request that the Court order that the prevailing interest rate apply to any award
from the date of the Court's order awarding reasonable attorneys' fees and costs.  *See Dill v. City
of Edmond*, 72 F. App'x 753, 758 (10th Cir. 2003).

**V.    Plaintiffs Have Consulted with Counsel for All Defendants**

Pursuant to Local Rule 54.3(a), Plaintiffs state that they have consulted with counsel for
the State Defendants on multiple occasions in an attempt to reach an agreement regarding

attorneys' fees and costs.  At the request of State Defendants' counsel, Plaintiffs' counsel sent

their invoices on February 11, 2015.  Plaintiffs obtained a two-week extension to file this motion

so that the parties could continue to negotiate.  After numerous failed attempts at communication

since the extension was granted, the State Defendants' counsel advised Plaintiffs' counsel on

February 24 and 25, 2015 that due to their schedules they had not the opportunity to review the

invoices, and that Plaintiffs should file this Motion.  The parties will continue to attempt to reach

a resolution.  On February 26, 2015, counsel for Defendant Lathrop indicated that she takes no

position on the relief requested in this Motion.

DATED:  February 26, 2015.

Respectfully submitted,

 s/ Arash Jahanian
Arash Jahanian
Qusair Mohamedbhai
RATHOD MOHAMEDBHAI LLC
2701 Lawrence Street, Suite 100
Denver, CO 80205
Telephone: (303) 578-4400
Facsimile: (303) 578-4401
Email: aj@rmlawyers.com

Thomas W. Stoever, Jr.
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, Colorado 80202-1370
Telephone: (303) 863-1000
Facsimile: (303) 832-0428
Email: thomas.stoever@aporter.com

Tracy L. Zubrod
ZUBROD LAW OFFICE, PC
219 East 18th Street
Cheyenne, WY 82001
Telephone: (307) 778-2557
Facsimile: (307) 778-8225
Email: zubrod@aol.com

Shannon P. Minter
Christopher F. Stoll
NATIONAL CENTER FOR
LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
Telephone: (415) 365-1335
Facsimile: (415) 392-8442
Email: sminter@nclrights.org
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed with the Clerk of Court on this 26th day of February, 2015 and served upon the following:

| | |
|---|---|
| Peter K. Michael,<br>Attorney General of Wyoming<br>Martin L. Hardsocg,<br>Deputy Attorney General<br>James C. Kaste,<br>Deputy Attorney General<br>Jared S. Crecelius,<br>Senior Assistant Attorney General<br>Ryan T. Schelhaas,<br>Senior Assistant Attorney General<br>Michael M. Robinson,<br>Senior Assistant Attorney General<br>123 State Capitol Building<br>Cheyenne, WY 82002<br><br>***Attorneys for the State Defendants*** | Mark Towne Voss<br>Bernard P Haggerty<br>310 W. 19th Street, Suite 320<br>Cheyenne, WY 82001<br><br>***Attorneys for the Laramie County Clerk*** |

  *s/ Arash Jahanian*
Arash Jahanian