## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 APR  9  AM 10 21

STEPHAN HARRIS, CLERK
CASPER

ANNE MARIE GUZZO and BONNIE ROBINSON;
IVAN WILLIAMS and CHARLES KILLION;
BRIE BARTH and SHELLY MONTGOMERY;
CARL OLESON and ROB JOHNSTON; and
WYOMING EQUALITY;

       Plaintiffs,

vs.

MATTHEW H. MEAD, in his official capacity as the
Governor of Wyoming; DEAN FAUSSET, in his official
capacity as Director of the Wyoming Department of
Administration and Information; DAVE URQUIDEZ, in his
official capacity as Administrator of the State of Wyoming
Human Resources Division; and DEBRA K. LATHROP, in
her official capacity as Laramie County Clerk;

       Defendants.

Case No. 14-CV-200-SWS

---

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on the Plaintiffs' Motion for Attorneys' Fees and

Costs (Doc. 69) and accompanying memorandum (Doc. 70).  State Defendants filed an

opposition to the motion (Doc. 72) and, with the Court's leave, Defendant Debra K. Lathrop

filed a reply to the State Defendants' opposition (Doc. 76).  Having considered the parties'

filings, the record herein, and being otherwise fully advised, the Court finds the motion should be

granted in part.

### BACKGROUND

Plaintiffs filed the instant lawsuit pursuant to 42 U.S.C. § 1983, seeking declaratory and

injunction relief.  The Court entered a final order granting judgment on the pleadings and a

permanent injunction in Plaintiffs' favor. The Court held laws prohibiting same-sex marriage and laws failing to recognize the validity of same-sex marriages are unconstitutional. Plaintiffs now petition the Court under 42 U.S.C. § 1988 for State Defendants to pay their attorneys' fees.[1]

## PROCEDURAL HISTORY

On October 7, 2014, Plaintiffs initiated this lawsuit by filing their complaint for declaratory and injunctive relief. (Doc. 1.) The next day, they filed a motion for preliminary injunction. (Doc. 7.) The Court held a hearing on the request for preliminary injunction on October 16, 2014. (Doc. 43.) The Court granted a preliminary injunction the following day and a temporary stay to permit State Defendants to appeal to the Tenth Circuit Court of Appeals. (Doc. 44.) On October 21, 2014, State Defendants filed a notice they would not file an appeal (Doc. 46), and the Court lifted the temporary stay on the same day (Doc. 47). In November 2014, both parties moved for judgment on the pleadings in Plaintiffs' favor, but disagreed on the extent of relief that should be granted. (*See* Docs. 54, 55, 56, 60, 61.) The Court granted judgment on the pleadings in Plaintiffs' favor and entered a permanent injunction on January 29, 2015, which largely agreed with State Defendants' position on the extent of relief. (Doc. 65.) Plaintiffs then filed the instant motion for attorneys' fees on February 26, 2015. (Docs. 69, 70.)

## APPLICABLE LAW

The Civil Rights Attorney's Fees Awards Act states, "In any action or proceeding to enforce a provision of section ... 1983 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ...." 42 U.S.C. § 1988(b). "In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is

---

[1] Plaintiffs' motion also sought recovery of costs in the amount of $5,125.97. (Doc. 69 at p. 2.) The award of costs, if any, is determined separately by the clerk of court's office pursuant to Local Rule 54.2.

'reasonable.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1280-81 (10th Cir. 1998) (citing

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

## PLAINTIFFS' ATTORNEYS' FEES REQUEST

Based on the parties' tables (*see* Docs. 70 at p. 5; 72 at pp. 3-4), the Court summarizes

the Plaintiffs' attorneys' fees request as follows:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Fee Requested |
|------|----------|-------------|--------------------|---------------------|
| Thomas Stoever | Arnold & Porter LLP | $325.00 | 35 | $ 11,375.00 |
| James Lyman | Arnold & Porter LLP | $262.40 | 101.6 | $ 26,659.84 |
| Rebecca Golz (paralegal) | Arnold & Porter LLP | $133.25 | 23.3 | $  3,104.73 |
| Shannon Minter | Nat'l Center for Lesbian Rights | $325.00 | 19.8 | $  6,435.00 |
| Christopher Stoll | Nat'l Center for Lesbian Rights | $300.00 | 42.6 | $ 12,780.00 |
| Amy Whelan | Nat'l Center for Lesbian Rights | $275.00 | 4.9 | $  1,347.50 |
| Qusair Mohamedbhai | Rathod \| Mohamedbhai LLC | $300.00 | 21.9 | $  6,570.00 |
| Arash Jahanian | Rathod \| Mohamedbhai LLC | $200.00 | 70.7 | $ 14,140.00 |
| Aaron Belzer | Rathod \| Mohamedbhai LLC | $140.00 | 13.5 | $  1,890.00 |
| Tracy Zubrod | Zubrod Law Office, PC | $220.00 | 38.3 | $  8,426.00 |
| **Totals** | | | **371.6** | **$ 92,728.07** |

## ANALYSIS

In this case, "State Defendants agree that Plaintiffs are the prevailing party and are

entitled their reasonable fees and expenses." (Doc. 72 at p. 2.) The real dispute is whether

Plaintiffs' fee request is "reasonable."

To determine the reasonableness of a fee request, a court must begin by
calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to
the presumption that this lodestar amount reflects a "reasonable" fee. *See*

> *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–65, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Cooper v. Utah*, 894 F.2d 1169, 1171 (10th Cir.1990). The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933; *Phelps*, 120 F.3d at 1131. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988." *Cooper*, 894 F.2d at 1171.

*Robinson*, 160 F.3d at 1281.

Here, there is little dispute concerning the hourly rates billed by Plaintiffs' attorneys. Plaintiffs' nine attorneys billed hourly rates ranging from $140 to $325, with four of the attorneys billing over $300 per hour. (*See* Docs. 70-1 at ¶ 18; 70-2 at ¶ 18; 70-3 at ¶¶ 11-13; 70-4 at ¶ 10.) Additionally, Plaintiffs seek to recover the hourly rate of a paralegal at $133.25 per hour. (*See* Doc. 70-1 at ¶ 18.) Though these hourly rates are unquestionably on the high end for Wyoming's market (*see* Doc. 70-5 at pp. 3, 19 (indicating less than 5% of Wyoming attorneys charge more than $300 per hour)), the Court notes all of the Plaintiffs' out-of-state attorneys reduced their normal hourly rate to more closely match Wyoming's market. (*See, e.g.,* Doc. 70-1 at ¶ 18 (noting Attorney Stoever reduced his hourly rate from $795 in Denver, Colorado, to $325 in this case).) Most significantly, State Defendants accepted these hourly rates as appropriate based on Plaintiffs' attorneys' expertise and experience. (Doc. 72 at p. 3.)

That leaves only the reasonableness of the hours expended by Plaintiffs' attorneys.

> This subsidiary reasonableness inquiry is controlled by the overriding consideration of whether the attorney's hours were "necessary" under the circumstances. "The prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jane L.*, 61 F.3d at 1510 (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). A district court should approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients...." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). However, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage...." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th

Cir.1996) (quotations omitted).

> The *Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed "would normally be billed to a paying client," (2) the number of hours spent on each task, (3) "the complexity of the case," (4) "the number of reasonable strategies pursued," (5) "the responses necessitated by the maneuvering of the other side," and (6) "potential duplication of services" by multiple lawyers. *Id.* at 554.

*Robinson*, 160 F.3d at 1281.

> Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services. "For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." ... The court can look to how many lawyers the other side utilized in similar situations as an indication of the effort required.

*Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998)

(quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)).

The Court notes this case was not particularly complex. Before Plaintiffs filed this lawsuit, the Tenth Circuit had issued binding authority on the issue of same-sex marriage in *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir.) *cert. denied* 135 S. Ct. 265 (2014), and *Bishop v. Smith*, 760 F.3d 1070 (10th Cir. 2014) *cert denied* 135 S. Ct. 271 (2014). Indeed, Plaintiffs filed this action the day after the Supreme Court denied writs of certiorari in *Kitchen* and *Bishop* precisely because Plaintiffs knew the foundation for their success already existed in federal court. The case did not present unique or complex legal issues in light of the already-existing groundwork laid by previous cases.

State Defendants contend, and the Court agrees, many of the hours billed by Plaintiffs' attorneys are duplicative, unnecessary, excessive, and/or unreasonable. The Court will first address the general areas where hours will be reduced and the reasons for those reductions. The Court will then set forth the precise hour reductions broken down by law firm and address any concerns specific to each law firm.

1.      **Areas in the Plaintiffs' Attorneys' Billing Statements Where the Hours are Unreasonable**

The Court finds several areas where Plaintiffs' attorneys billed for unreasonable time spent on certain tasks. These areas of concern exist in multiple billing statements provided by Plaintiffs' counsel.

### 1.1     *All Time Associated with the Subpoena of Governor Mead*

Plaintiffs attempted to subpoena Wyoming Governor Matthew Mead to compel his testimony at the preliminary injunction hearing. Upon State Defendants' motion, the Court quashed the subpoena, finding it to "place an undue burden on him, particularly given the absence of any legal or factual significance to this testimony in this matter." (Doc. 25 at pp. 3-4.) The Court found there was "no legitimate evidentiary need for the testimony of Governor Mead" to resolve the issues before it. (*Id.* at p. 2.)   Based on the Court's prior determination that the subpoena appeared to be "a political stunt" (*id.* at p. 3), the time spent on it was unnecessary and unreasonable. Therefore, the time claimed by Plaintiffs' attorneys in this case working on the subpoena of Governor Mead will be disallowed. Stated simply, Plaintiffs' attorneys should not have spent any time on this utterly unnecessary and unreasonable maneuver.

### 1.2     *Excessive Time Associated with Pro Hac Vice Motions*

Pro hac vice motions are not complex. Indeed, except for the applicant's name and personal affidavit, the pro hac vice motions in this case are nearly identical. (*See* Docs. 8, 12, 29-32.) It is a task properly delegated to a paralegal or other assistant. Other than the law firm serving as lead counsel (Arnold & Porter LLP) and local counsel through whom the other attorneys appeared  pro hac vice (Zubrod Law Office, P.C.), the Court finds the many hours claimed by other attorneys in this case concerning pro hac vice motions to be duplicative, unnecessary, excessive, and unreasonable. Consequently, the Court will disallow the hours

billed for pro hac vice motions beyond that of Paralegal Golz and Attorney Zubrod.

### 1.3    Excessive Time Associated with Reviewing/Editing Documents

Each document filed by Plaintiffs was reviewed/edited/revised by an excessive number of attorneys. For example, the complaint was drafted by Attorney Lyman (Doc. 70-1 at p. 16) and then reviewed and/or revised before filing by Attorney Stoever (*id.*), Attorney Minter (Doc. 70-2 at p. 18), Attorney Stoll (*id.* at p. 19), Attorney Jahanian (Doc. 70-3 at p. 17), and Attorney Zubrod (Doc. 70-4 at p. 5). Similarly, the motion for preliminary injunction was drafted by Attorney Lyman (Doc. 70-1 at p. 16) and then reviewed and/or revised before filing by Attorney Stoever (*id.*), Attorney Minter (Doc. 70-2 at p. 18), Attorney Stoll (*id.* at p. 19), Attorney Jahanian (Doc. 70-3 at p. 17), and Attorney Zubrod (Doc. 70-4 at p. 5). Certainly, proofreading and editing documents before filing is appropriate and encouraged by this Court, but there is a limit before the exercise becomes duplicative, excessive, unnecessary, and unreasonable. And Plaintiffs' attorneys exceeded that limit in this case. Having five attorneys beyond the original drafting attorney review and edit/revise a document is simply unnecessary and wasteful. State Defendants are correct in asserting that when specific attorneys are retained based on their unique skill and experience, it should not require five or six of them to draft a pleading.

To that end, the Court finds reviewing and editing a document by one attorney in the same law firm as the document's drafter (e.g., review and edit by Attorney Stoever of a document drafted by Attorney Lyman) to be necessary and appropriate. Additionally, review and revision by Zubrod, who was local counsel and therefore was required to be prepared to participate in the case as needed (*see* Local Rule 84.2(b)), was necessary and appropriate. Reviewing and editing or revising beyond those attorneys, however, was duplicative, excessive, unnecessary, and unreasonable, and therefore will be disallowed.

The Court now considers the billing statements provided by each law firm in light of the limitations discussed above and any other issues specific to the individual law firm. The hours billed by Plaintiffs' attorneys are considered reasonable and will be allowed unless specifically disallowed in this Order.[2]

## 2. Arnold & Porter LLP (Attorneys Stoever and Lyman, and Paralegal Golz)

Arnold & Porter served as lead counsel in this case. (Doc. 70-1 at ¶¶ 6, 9-10.) It drafted the three primary pleadings filed by Plaintiffs: the complaint, a motion for preliminary injunction, and a motion for judgment on the pleadings. (*Id.* at pp. 16, 20.) Additionally, Attorney Stoever presented Plaintiffs' primary argument at the preliminary injunction hearing. (*See* Doc. 57.)

### 2.1 Hour Reductions Based on Areas of Concern Discussed Above

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Golz (paralegal) | 10/9/14 | "prepare, file and serve pro hac vice motion for T. Stoever; prepare subpoena to appear for hearing; prepare waiver and acceptance of service of subpoena to appear at hearing; prepare and submit ECF registration form" [reduced by 2.7 hours re: Governor subpoena] | 3.7 | 1.0 |
| | | Golz Total: | 3.7 | 1.0 |

### 2.2 Attorney Stoever and Paralegal Golz Billed for Filing and/or Revising Pleadings that were Previously Filed

Both Stoever and Golz billed for revising and/or editing documents that were previously filed. In addition to being impossible, these billing entries are unnecessary and unreasonable, and therefore will be reduced as follows:

---

[2] In many instances, Plaintiffs' attorneys have combined various tasks within one block of billing. Some of the tasks within those blocks are reasonable and some are not. In such instances, the Court has reduced the number of hours claimed within that billing block to reflect the unreasonable portion of that billing while not punishing the attorney or paralegal for their reasonable, legitimate work.

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Stoever | 10/8/14 | "Revisions to federal complaint and preliminary injunction motion" [complaint was filed the previous day] | 3.0 | 1.5 |
| Stoever | 10/9/14 | "Revisions to preliminary motion" [prelim. injunct. mot. was filed previous day] | 1.0 | 0.0 |
| | | **Stoever Total:** | **4.0** | **1.5** |
| Golz (paralegal) | | "file and serve plaintiffs' motion for judgment on the pleadings" [mot. for judgment on the pleadings was filed the previous week] | 0.9 | 0.0 |
| | | **Golz Total:** | **0.9** | **0.0** |

### 2.3   Attorneys Stoever and Lyman and Paralegal Golz Billed for Work Done in the State Court Case of Courage v. Wyoming

The *Courage v. Wyoming* case was filed in state court and, while similar to this case, is

not this case.  Therefore, these billing entries will be entirely disallowed.

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Lyman | 11/13/14 | "attend to calls with defendants' counsel regarding upcoming status conference" [no upcoming status conference in this case] | 0.6 | 0.0 |
| Lyman | 11/14/14 | "Prepare for and attend statutes hearing in *Courage v. Wyoming* case." | 0.5 | 0.0 |
| | | **Lyman Total:** | **1.1** | **0.0** |
| Stoever | 1/5/15 | "Work on filings with Wyoming District Court" | 1.0 | 0.0 |
| | | **Stoever Total:** | **1.0** | **0.0** |
| Golz (paralegal) | 1/30/15 | "review state court file regarding status of case and next steps before Judge Campbell" | 0.7 | 0.0 |
| | | **Golz Total:** | **0.7** | **0.0** |

### 2.4   Attorney Lyman's Time Spent Preparing for and Attending the Preliminary Injunction Hearing was Excessive

Attorney Lyman prepared for and attended the preliminary injunction hearing in October

2014.  State Defendants contend this time should be disallowed because Lyman did not

"participate" in the hearing.  (Doc. 72 at p. 11.)  While Lyman did not speak at the hearing, he is

the attorney who drafted the complaint and motion for preliminary injunction in this case. (Doc. 70-1 at p. 16.) Additionally, Stoever and Lyman were the lead attorneys. Therefore, the Court finds it reasonable and necessary for Lyman to attend the hearing to assist Stoever. An attorney, particularly one of the lead attorneys in a case who drafted the primary documents, can "participate" in a hearing without speaking to the Court.

That said, the Court does find the sheer number of hours Lyman spent preparing for, traveling for, and attending the preliminary injunction hearing to be excessive and unreasonable. Considering that Stoever presented the bulk of Plaintiffs' arguments at the preliminary injunction hearing and he spent 24 hours preparing and traveling for it, 46.2 hours for Lyman to prepare for the hearing is excessive. Unfortunately, due to the rather non-descriptive descriptions employed in the billing statement, the Court cannot pinpoint why Lyman spent so much more time preparing for the hearing than did Stoever. As such, the Court is left to conclude 24 hours of preparation, travel, and attendance for the preliminary injunction hearing per attorney is appropriate. Therefore, the Court will reduce the hours billed by Lyman in preparing for the hearing by 22.2 hours (46.2 - 22.2 = 24).

### 2.5    *Conclusion as to Arnold & Porter LLP*

The reasonable hours incurred by the law firm of Arnold & Porter LLP, in light of the above-described deductions, are as follows:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Hours Permitted | Total Fee Permitted |
|---|---|---|---|---|---|
| Thomas Stoever | Arnold & Porter LLP | $325.00 | 35.0 | 31.5 (35 - 3.5) | $ 10,237.50 |
| James Lyman | Arnold & Porter LLP | $262.40 | 101.6 | 78.3 (101.6 - 23.3) | $ 20,545.92 |
| Rebecca Golz (paralegal) | Arnold & Porter LLP | $133.25 | 23.3 | 19.0 (23.3 - 4.3) | $  2,531.75 |
| | | **Total:** | **159.9** | **128.8** | **$ 33,315.17** |

3.  **National Center for Lesbian Rights (Attorneys Minter, Stoll, and Whelan)**

Minter, Stoll, and Whelan are attorneys with the National Center for Lesbian Rights (NCLR). (Doc. 70-2 at ¶¶ 3, 17.) NCLR was retained by Plaintiffs in this case due to its nationwide experience in representing same-sex couples in lawsuits. (*See id.* at ¶¶ 7-11, 14.)

### *3.1   Attorney Minter's Time was Duplicative, Unnecessary, and Unreasonable*

It is undisputed that NCLR has a good deal of experience in litigating cases involving same-sex couples and was retained in this case for that very reason. The Court appreciates Plaintiffs were in a unique position to use "legal research and briefing from NCLR's other marriage cases around the country" to help reduce time and expenses in this case. (*See* Doc. 70-2 at pp. 6-7.) NCLR, however, now seeks to recover for time that was duplicative and unnecessary.

For example, many of Attorneys Minter and Stoll's hours and billing entries are identical or very similar. (*Compare* Doc. 70-2 at p. 18 *with id.* at pp. 19-20; *see also* Doc. 72 at pp. 6-7 (summarizing Minter and Stoll's billing entries that overlap).) Stoll appears to have taken the lead for NCLR's work. Indeed, it appears Minter did no work in this case independent of Stoll. (*Compare* Doc. 70-2 at p. 18 *with id.* at pp. 19-20.) "If an attorney is consulting on a case, the assistance provided must be actually necessary or essential to proper representation rather than merely comforting or helpful." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998). Based on the records and affidavits provided, the Court must conclude Minter's time spent on this case simply duplicated Stoll's time and was therefore unnecessary and unreasonable. Therefore, all of Attorney Minter's time will be disallowed.

### 3.2    *Hour Reductions Based on Areas of Concern Discussed Above*

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Stoll | 10/7/14 | "Review draft complaint" [Disallowed as excessive review/edit] | 0.8 | 0.0 |
| Stoll | 10/8/14 | "Review and revise motion for preliminary injunction" [Disallowed as excessive review/edit] | 2.3 | 0.0 |
| Stoll | 10/14/14 | "Review draft reply brief in support of motion for preliminary injunction; confer with co-counsel re same" [Disallowed as excessive review/edit] | 0.5 | 0.0 |
| Stoll | 10/23/14 | "Review proposed stipulation for permanent injunction; conferences with co-counsel re same" [Disallowed as excessive review/edit] | 1.0 | 0.0 |
| Stoll | 11/21/14 | "Review draft motion for judgment on the pleadings" [Disallowed as excessive review/edit] | 0.3 | 0.0 |
| Stoll | 12/11/14 | "Review draft reply in support of motion for judgment on the pleadings; confer with co-counsel re same" [Disallowed as excessive review/edit] | 0.4 | 0.0 |
| Stoll | 10/7/14 | "Confer with co-counsel re filing of complaint and pro hac vice motions and re case strategy" [Reduced by one-half re: pro hac vice] | 1.4 | 0.7 |
| | | **Stoll Total:** | **6.7** | **0.7** |

### 3.3    *Attorney Stoll's Travel Time for and Attendance at the Preliminary Injunction Hearing was Unnecessary and Unreasonable*

Stoll traveled to attend the preliminary injunction hearing in October 2014. (Doc. 70-2 at p. 19.) He was one of six Plaintiffs' attorneys present at the hearing, and one of the three who did not present evidence or argument. (*See* Doc. 57.) Again, the Court believes NCLR likely provided helpful assistance and expertise to lead counsel, including in preparation of the hearing. However, NCLR has not established why Stoll's physical presence at the hearing was necessary, and the Court finds it was not. "For example, [if] three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Ramos v. Lamm*, 713

F.2d 546, 554 (10th Cir. 1983). Here, the Court finds it appropriate for more than one Plaintiffs'

attorney to be present at the preliminary injunction hearing, particularly because State

Defendants had four attorneys present at the same hearing. However, six Plaintiffs' attorneys at

the hearing were excessive, unnecessary, and unreasonable. And Attorney Stoll was one of those

unnecessary attorneys. Therefore, the following billing entries associated with Attorney Stoll's

attendance at the preliminary injunction hearing will be disallowed:

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Stoll | 10/14/14 | "Travel to Casper WY, for hearing on motion for preliminary injunction" | 5.3 | 0.0 |
| Stoll | 10/16/14 | "Attend hearing on motion for preliminary injunction; confer with co-counsel re preparation for same" | 3.8 | 0.0 |
| Stoll | 10/16/14 | "Travel from Casper to San Francisco" | 5.5 | 0.0 |
| | | **Stoll Total:** | **14.6** | **0.0** |

### 3.4 Attorney Whelan's Work on the Fee Petition was Necessary and Reasonable Only as it Related to Attorney Stoll's Fees

Attorney Whelan had no involvement in litigating the case, but performed some legal

research and initial drafting for Plaintiffs' attorneys' fee petition. (*See* Doc. 70-2 at p. 21.) State

Defendants do not directly attack Whelan's time, but assert Plaintiffs' attorneys together spent an

excessive amount of time on their fee petition. (*See* Doc. 72 at pp. 12-13.)

Whelan performed legal research regarding the timing of fee petitions, awards of out-of-

market attorney rates, and the legal market rates in Wyoming. (Doc. 70-2 at p. 21.) The Court

finds time spent on research and conveying the results to Plaintiffs' attorneys to be appropriate.

Whelan also spent some time preparing Attorney Minter's affidavit in support of fee

petition. However, since the Court previously determined Minter's work was duplicative and

unnecessary, the time spent on Minter's fee petition was also unnecessary. In short, based on the

duplicative work, Minter should have accrued no time working on this case and, therefore, Whelan should have accrued no time working on Minter's fee petition. Accordingly, the following billing entries associated with Whelan's work on Minter's fee petition (Doc. 70-2 at p. 21) will be disallowed:

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Whelan | 2/9/15 | "Prep of S. Minter Decl ISO fee motion" | 1.0 | 0.0 |
| Whelan | 2/9/15 | "emails with CS and SM re draft Minter fees decl" | 0.2 | 0.0 |
| Whelan | 2/24/15 | "revised Minter decl ISO fee motion" | 0.3 | 0.0 |
| Whelan | 2/25/15 | "revised Minter decl ISO fee motion re hourly rates; revised exhibits for same; email to SM re same" | 0.7 | |
| | | **Whelan Total:** | **2.2** | **0.0** |

### 3.5    *Conclusion at to National Center for Lesbian Rights*

The reasonable hours incurred by the National Center for Lesbian Rights, in light of the above-mentioned deductions, are as follows:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Hours Permitted | Total Fee Permitted |
|------|----------|-------------|--------------------|-----------------------|---------------------|
| Shannon Minter | Nat'l Center for Lesbian Rights | $325.00 | 19.8 | 0.0 | $        0 |
| Christopher Stoll | Nat'l Center for Lesbian Rights | $300.00 | 42.6 | 22.0 (42.6 - 20.6) | $  6,600.00 |
| Amy Whelan | Nat'l Center for Lesbian Rights | $275.00 | 4.9 | 2.7 (4.9 - 2.2) | $    742.50 |
| | | **Total:** | **67.3** | **24.7** | **$  7,342.50** |

## 4.    <u>Rathod | Mohamedbhai LLC (Attorneys Mohamedbhai, Rathod, and Belzer)</u>

The law firm of Rathod | Mohamedbhai LLC was retained in this case "to provide its experience in civil rights law, Wyoming practice, and LGBT constitutional rights." (Doc. 70-3 at ¶ 15.) Some of Attorneys Mohamedbhai, Rathod, and Belzer's time will be disallowed as duplicative or unnecessary for the reasons discussed earlier in this Order. The Court notes nearly

every billing entry for Rathod | Mohamedbhai LLC includes multiple activities, some of which

are allowed and some not.  The Court will reduce the hours in such billing entries to allow a

reasonable time spent on permitted activities while omitting the unreasonable time.

### *4.1     Hour Reductions Based on Areas of Concern Discussed Above*

| Name | Date | Task | Hours Billed | Hours Permitted |
|---|---|---|---|---|
| Mohamedbhai | 10/9/14 | "Strategize re subpoena; prepare clients for hearing" [reduced by one-half re: Gov subpoena] | 2.8 | 1.4 |
| Mohamedbhai | 10/10/14 | "Continue strategizing re subpoena" [disallowed re: Gov subpoena] | 0.6 | 0.0 |
| Mohamedbhai | 10/13/14 | "Confer re motion to quash subpoena and reply to State Defendants' response to preliminary injunction motion" [reduced by one-half re: Gov subpoena] | 0.7 | 0.4 |
| Mohamedbhai | 10/14/14 | "Finalize pro hac vice motion; review and revise reply to State Defendants' response to preliminary injunction motion; prepare for hearing" [reduced by 1 hour re: pro hac vice] [reduced by 1 hour re: excessive review/edit] | 3.0 | 1.0 |
| | | **Mohamedbhai Total:** | **7.1** | **2.8** |
| Jahanian | 10/7/14 | "Review and revise draft Complaint; research affidavit requirements for preliminary injunction motion" [reduced by 1 hour re: excessive review/edit] | 3.5 | 2.5 |
| Jahanian | 10/8/14 | "Continue researching affidavit requirements for preliminary injunction motion; revise motion" [reduced by 1 hour re: excessive review/edit] | 2.0 | 1.0 |
| Jahanian | 10/9/14 | "Prepare subpoena; confer re pro hac vice motions; draft motion for summary judgment" [reduced by 1 hour re: Gov subpoena] [reduced by 1 hour re: pro hac vice] | 3.3 | 1.3 |
| Jahanian | 10/10/14 | "Confer with Attorney General's Office re subpoena; continue drafting motion for summary judgment" [reduced by 1 hour re: Gov subpoena] | 2.6 | 1.6 |
| Jahanian | 10/10/14 | "Finalize pro hac vice motions; continue drafting reply to State Defendants' response to preliminary injunction motion; prepare for | 6.2 | 5.2 |

| | | | | |
|---|---|---|---|---|
| | | "hearing" [reduced by 1 hour re: pro hac vice] | | |
| Jahanian | 10/13/14 | "Draft response to motion to quash subpoena; draft reply to State Defendants' response to preliminary injunction motion" [reduced by 4 hours re: Gov subpoena] | 8.2 | 4.2 |
| Jahanian | 10/24/14 | "Review and revise draft stipulated judgment; review Defendant Lathrop's Answer to Complaint" [reduced by one-half re: excessive review/edit] | 0.4 | 0.2 |
| Jahanian | 11/4/14 | "Review draft stipulated judgment" [disallowed as excessive review/edit] | 0.2 | 0.0 |
| Jahanian | 11/5/14 | "Continue reviewing, revise draft stipulated judgment" [disallowed as excessive review/edit] | 0.5 | 0.0 |
| Jahanian | 11/21/14 | "Review and revise Draft Motion for Judgment on the Pleadings" [disallowed as excessive review/edit] | 0.4 | 0.0 |
| Jahanian | 12/11/14 | "Confer re and revise Reply in Support of Motion for Judgment on the Pleadings" [disallowed as excessive review/edit] | 3.4 | 0.0 |
| Jahanian | 1/14/15 | "Review and revise motion for oral argument [judgment on the pleadings]" [disallowed as excessive review/edit] | 0.1 | 0.0 |
| | | **Jahanian Total:** | **30.8** | **16.0** |
| Belzer | 10/9/14 | "Research requirements for a prepare subpoena" [disallowed re: Gov subpoena] | 1.9 | 0.0 |
| Belzer | 10/13/14 | "Conduct research for draft response to motion to quash" [disallowed re: Gov subpoena] | 1.9 | 0.0 |
| | | **Belzer Total:** | **3.8** | **0.0** |

### 4.2   *Attorney Mohamedbhai's Preparation for and Attendance at the Preliminary Injunction Hearing was Unnecessary and Unreasonable*

Mohamedbhai prepared for and attended the preliminary injunction hearing in October 2014. (Doc. 70-3 at p. 19.) He was one of six Plaintiffs' attorneys present at the hearing, and one of the three who did not present evidence or argument. (*See* Doc. 57.) The Court believes Mohamedbhai likely provided helpful assistance and expertise to lead counsel, including in

preparation of the hearing.  However, Mohamedbhai has not established why his physical

presence at the hearing was necessary, and the Court finds it was not.  "For example, [if] three

attorneys are present at a hearing when one would suffice, compensation should be denied for the

excess time." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  Mohamedbhai was one of

the unnecessary attorneys.  Therefore, the following billing entries associated with

Mohamedbhai's attendance at the preliminary injunction hearing will be disallowed:

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Mohamedbhai | 10/14/14 | "Finalize pro hac vice motion; review and revise reply to State Defendants' response to preliminary injunction motion; prepare for hearing" [reduced by 1 hour re: hearing preparation] [this entry was reduced by 2 hours above] | 3.0 | 2.0 |
| Mohamedbhai | 10/15/14 | "Prepare clients for hearing; continue preparing for hearing" [reduced by 1 hour re: hearing preparation] [preparing clients for hearing is reasonable] | 2.6 | 1.6 |
| Mohamedbhai | 10/16/14 | "Continue preparing for hearing; participate in hearing" [disallowed re: hearing] | 3.0 | 0.0 |
| | | **Mohamedbhai Total:** | **8.6** | **3.6** |

### 4.3   *Attorneys Jahanian and Belzer's Time Spent Preparing a Motion for Summary Judgment was Unnecessary and Unreasonable*

Beginning two days after this lawsuit was filed, Jahanian and Belzer spent time

researching for and drafting a motion for summary judgment.  (Doc. 70-3 at pp. 17-18.)  The

time billed for this activity is not warranted.  Had the Court denied the then-pending motion for

preliminary injunction, it would have held a scheduling conference as in any other civil action

and provided all necessary deadlines, including for the filing of dispositive motions.  Plaintiffs

were certainly prepared to prosecute this case in a timely fashion, but the time spent on the

summary judgment motion was unnecessary and unreasonable under the circumstances.

Therefore, the following billing entries will be reduced or disallowed:

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Jahanian | 10/9/14 | "Prepare subpoena; confer re pro hac vice motions; draft motion for summary judgment"<br>[reduced by 1.3 hours re: summ. judgment]<br>[this entry was reduced by 2 hours above] | 3.3 | 2.0 |
| Jahanian | 10/10/14 | "Confer with Attorney General's Office re subpoena; continue drafting motion for summary judgment."<br>[reduced by 1.6 hours re: summ. judgment]<br>[this was reduced by 1 hour above] | 2.6 | 1.0 |
| | | **Jahanian Total:** | **5.9** | **3.0** |
| Belzer | 10/10/14 | "Conduct research for summary judgment motion"<br>[disallowed re: summ. judgment] | 3.0 | 0.0 |
| | | **Belzer Total:** | **3.0** | **0.0** |

### 4.4    *Attorney Jahanian Spent an Excessive and Unreasonable Amount of Time on the Fee Petition*

Jahanian has billed for 30.2 hours spent drafting, revising, and conferring about the fee petition. (Doc. 70-3 at pp. 21-22.) Other attorneys also billed for revising and conferring about the fee application. (*See* Docs. 70-3 at pp. 21-22; 70-2 at pp. 18, 20, 21.) "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986). As this statement from *Mares* highlights, though, the award of attorneys' fees for work on the fee petition must be reasonable. Jahanian's time billed for working on the fee application is excessive and unreasonable, particularly considering the motion largely duplicates the motion for attorneys' fees filed three months earlier in the marriage equality case in the District of Colorado. *Burns v. Hickenlooper*, 14-CV-1817-RM-KLM, Doc. 68 (D. Colo. Nov. 10, 2014). Therefore, the following billing entries will be disallowed:

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Jahanian | 2/25/15 | "Continue revising Fee Petition and affidavit in support" [disallowed as excessive] | 8.1 | 0.0 |
| Jahanian | 2/26/15 | "Continue revising and file Fee Petition and exhibits" [disallowed as excessive] | 7.0 | 0.0 |
| | | **Jahanian Total:** | **15.1** | **0.0** |

This still permits Jahanian to claim 15.1 hours for preparing, conferring about, and revising the fee application (along with 7 hours claimed by Mohamedbhai for the same thing), which the Court finds to be reasonable, if not generous.

### 4.5    *Conclusion as to Rathod | Mohamedbhai LLC*

The reasonable hours incurred by Rathod | Mohamedbhai LLC, in light of the above-mentioned deductions, are as follows:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Hours Permitted | Total Fee Permitted |
|------|----------|-------------|--------------------|-----------------------|---------------------|
| Qusair Mohamedbhai | Rathod \| Mohamedbhai | $300.00 | 21.9 | 12.6 | $  3,780.00 |
| Arash Jahanian | Rathod \| Mohamedbhai | $200.00 | 70.7 | 37.9 | $  7,580.00 |
| Aaron Belzer | Rathod \| Mohamedbhai | $140.00 | 13.5 | 6.7 | $     938.00 |
| | | **Total:** | **106.1** | **57.2** | **$ 12,298.00** |

### 5.    <u>Zubrod Law Office, P.C. (Attorney Zubrod)</u>

Finally, Attorney Zubrod served as local counsel for this case while all other Plaintiffs' attorneys appeared pro hac vice. As noted earlier in this Order, the Court will permit Zubrod, who due to her position as local counsel must be fully prepared to represent the client at any time (*see* Local Rule 84.2(b)), to bill for a reasonable time for reviewing and revising/editing pleadings as well as a reasonable time spent on pro hac vice motions. Additionally, her

appearance at the preliminary injunction hearing was mandated by Local Rule 84.2(b), and she

conducted the direct examination of the Defendant County Clerk. (*See* Doc. 57.)

With the following exception related to work on the state case of *Courage v. Wyoming*,

the Court finds Zubrod's billed hours to be reasonable and necessary.[3]

| Name | Date | Task | Hours Billed | Hours Permitted |
|------|------|------|--------------|-----------------|
| Zubrod | 10/15/14 | "review transcript of state court case regarding issue of state's request for stay of case" [disallowed as work on a different case] | 0.6 | 0.0 |
| | | **Zubrod Total:** | **0.6** | **0.0** |

Consequently, the reasonable hours incurred by Zubrod Law Office, P.C., in light of the

above-mentioned deduction, are as follows:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Hours Permitted | Total Fee Permitted |
|------|----------|-------------|--------------------|-----------------------|---------------------|
| Tracy Zubrod | Zubrod Law Office | 220.00 | 38.3 | 37.6 | $ 8,272.00 |
| | | **Total:** | **38.3** | **37.6** | **$ 8,272.00** |

## 6.   Lodestar Calculations

Based on the foregoing discussion, the Court sets forth the "lodestar" calculations for

Plaintiffs' attorneys here:

| Name | Law Firm | Hourly Rate | Total Hours Billed | Total Hours Permitted | Total Fee Permitted |
|------|----------|-------------|--------------------|-----------------------|---------------------|
| Thomas Stoever | Arnold & Porter LLP | $325.00 | 35.0 | 31.5 (35 - 3.5) | $ 10,237.50 |
| James Lyman | Arnold & Porter LLP | $262.40 | 101.6 | 78.3 (101.6 - 23.3) | $ 20,545.92 |
| Rebecca Golz (paralegal) | Arnold & Porter LLP | $133.25 | 23.3 | 19.0 (23.3 - 4.3) | $ 2,531.75 |
| | | **Total:** | **159.9** | **128.8** | **$ 33,315.17** |

---

[3] The Court also questions Zubrod's billing entry for October 14, 2014, which in part charges for time spent to "review local rules for admission pro hac vice." (Doc. 70-4 at p. 7.) The Court notes Zubrod had already filed two motions for admission pro hac vice several days prior to this date, citing the local rule in those motions. (Docs. 8, 12.) The Court questions why Zubrod did not review the local rules concerning admission pro hac vice until several days after first filing such motions. Nonetheless, the task and the time spent on it are reasonable.

| Shannon Minter | Nat'l Center for Lesbian Rights | $325.00 | 19.8 | 0.0 | $ 0 |
|---|---|---|---|---|---|
| Christopher Stoll | Nat'l Center for Lesbian Rights | $300.00 | 42.6 | 22.0 (42.6 - 20.6) | $ 6,600.00 |
| Amy Whelan | Nat'l Center for Lesbian Rights | $275.00 | 4.9 | 2.7 (4.9 - 2.2) | $ 742.50 |
| | | Total: | 67.3 | 24.7 | $ 7,342.50 |
| Qusair Mohamedbhai | Rathod \| Mohamedbhai | $300.00 | 21.9 | 12.6 | $ 3,780.00 |
| Arash Jahanian | Rathod \| Mohamedbhai | $200.00 | 70.7 | 37.9 | $ 7,580.00 |
| Aaron Belzer | Rathod \| Mohamedbhai | $140.00 | 13.5 | 6.7 | $ 938.00 |
| | | Total: | 106.1 | 57.2 | $ 12,298.00 |
| Tracy Zubrod | Zubrod Law Office | 220.00 | 38.3 | 37.6 | $ 8,272.00 |
| | | Total: | 38.3 | 37.6 | $ 8,272.00 |

Plaintiffs have not requested any deviation from the lodestar calculations. (*See* Docs. 69, 70.) And the Court finds this case does not support a deviation from the lodestar amount. *See Ramos v. Lamm*, 713 F.2d 546, 557 (10th Cir. 1983), *overruled in part on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). Accordingly, the Court will order an award of attorney's fees in Plaintiffs' favor in accordance with the lodestar calculations set forth above.

## 7.   Division of Attorneys' Fees Obligation Between State Defendants and County Clerk Debra Lathrop

The final issue is whether the award of Plaintiffs' attorneys' fees should be divided in some manner between State Defendants and Defendant Debra Lathrop, who was sued in her official capacity as the County Clerk for Laramie County, Wyoming. State Defendants contend the award of fees (and costs) should be equally divided between Laramie County and the State of Wyoming. (Doc. 72 at p. 17.) Defendant County Clerk argues she never opposed Plaintiffs' requests for relief, cooperated to reduce expenses, and Plaintiffs have not moved for an award of fees against her. (Doc. 76 at p. 2.)

Defendant County Clerk was directly responsible for some of Plaintiffs' attorneys' fees at issue here, and the Court finds Laramie County should bear its fair proportion of any award. Specifically, in her response to the motion for preliminary injunction, Defendant County Clerk asserted *Colorado River* abstention applied and warranted this Court staying the instant lawsuit in favor of the state case (*Courage v. Wyoming*). (*See* Doc. 16.) Plaintiffs then filed a reply arguing *Colorado River* abstention did not apply and this case should proceed. (*See* Doc. 22.) Defendant County Clerk also filed an "Amended Response" (Doc. 27), which the Court struck as an improper sur-reply (Doc. 33). In its order granting a preliminary injunction, the Court considered whether abstention was warranted and agreed with Plaintiffs that it was not. (*See* Doc. 44 at pp. 6-8.) Plaintiffs' attorneys' hours spent on Defendant County Clerk's response and amended response should not be taxed to State Defendants. Accordingly, the following billing entries from Plaintiffs' attorneys are taxed to Laramie County:

| Name | Date | Task | Hours Billed |
|---|---|---|---|
| James Lyman | 10/10/14 | "Research and prepare reply to county response in opposition to preliminary injunction" | 3.3 |
| James Lyman | 10/12/14 | "Revise reply to county response to motion for preliminary injunction" | 3.3 |
| | | **Lyman Total:** | **6.6** |
| Zubrod | 10/10/14 | "review county's response to Plaintiff's motion and brief in support of preliminary injunction" | 1.75 |
| Zubrod | 10/13/14 | "review plaintiff's reply in support of their motions for prelim injunction and tro, review defendant's opposition to plaintiff's motion for preliminary injunction" [one-half billed to county regarding reply to county defendant] | 0.75 [0.35 hours will be billed to county] |
| Zubrod | 10/14/14 | "review county's amended response to plaintiff's motion and brief in support of prelim injunction and tro" | 0.2 |
| Zubrod | 10/14/14 | "review court's order striking county's amended response" | 0.1 |
| | | **Zubrod Total:** | **2.4** |

Thus, 6.6 hours billed by Attorney Lyman and 2.4 hours billed by Attorney Zubrod will be taxed to Laramie County rather than to State Defendants because this time is directly attributable to Defendant County Clerk's response and amended response to the motion for preliminary injunction.

## ORDER

**It is therefore ordered** that the Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 69) is hereby **granted in part**.

**It is further ordered** that State Defendants are liable for the following Plaintiffs' attorneys' fees pursuant to 42 U.S.C. § 1988(b):

| Name | Law Firm | Hourly Rate | Permitted Hours | Permitted Total Fee |
|---|---|---|---|---|
| Thomas Stoever | Arnold & Porter LLP | $325.00 | 31.5 | $ 10,237.50 |
| James Lyman | Arnold & Porter LLP | $262.40 | 71.7 | $ 18,814.08 |
| Rebecca Golz (paralegal) | Arnold & Porter LLP | $133.25 | 19.0 | $  2,531.75 |
| Shannon Minter | Nat'l Center for Lesbian Rights | $325.00 | 0.0 | $          0 |
| Christopher Stoll | Nat'l Center for Lesbian Rights | $300.00 | 22.0 | $  6,600.00 |
| Amy Whelan | Nat'l Center for Lesbian Rights | $275.00 | 2.7 | $     742.50 |
| Qusair Mohamedbhai | Rathod \| Mohamedbhai LLC | $300.00 | 12.6 | $  3,780.00 |
| Arash Jahanian | Rathod \| Mohamedbhai LLC | $200.00 | 37.9 | $  7,580.00 |
| Aaron Belzer | Rathod \| Mohamedbhai LLC | $140.00 | 6.7 | $     938.00 |
| Tracy Zubrod | Zubrod Law Office, PC | $220.00 | 35.2 | $  7,744.00 |
| **Totals** | | | 239.5 | $ 58,967.83 |

**It is further ordered** that Laramie County is liable for the following Plaintiffs' attorneys' fees pursuant to 42 U.S.C. § 1988(b):

| Name | Law Firm | Hourly Rate | Permitted Hours | Permitted Total Fee |
|---|---|---|---|---|
| James Lyman | Arnold & Porter LLP | $262.40 | 6.6 | $  1,731.84 |
| Tracy Zubrod | Zubrod Law Office, PC | $220.00 | 2.4 | $    528.00 |
| **Totals** | | | **9.0** | **$  2,259.84** |

**Dated** this _9th_ day of April, 2015.

Scott W. Skavdahl
United States District Judge